IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL STERN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.  12-cv-0785-SCW |
| | ) |
| ST. ANTHONY'S HEALTH CENTER | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

Before the Court is a Bill of Costs (Doc. 69) filed by Defendant.  As the prevailing party, Defendant requests that she be awarded costs pursuant to **28 U.S.C. § 1920** and **Fed. R. Civ. P. 54(d)(1).**  Defendant asks for costs in the amount of $4,636.65 for fees for copying, a video recording of Plaintiff's deposition, and other deposition transcripts taken in preparation for this case.  (Doc. 69).  Plaintiff has filed an objection to Defendant's motion, (Docs. 73) objecting to the expense of the video deposition.

**Fed.R.Civ.P. 54(d)(1)** provides that "costs-other than attorney's fees- should be allowed to the prevailing party."  In the Seventh Circuit, "there is a heavy presumption in favor of awarding costs to the prevailing party."  **Majeske v. City of Chicago, 218 F.3d 816, 824 (7th Cir. 2000).**  "The presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly defined- the court must award costs unless it states good reasons for denying them."  **Weeks v. Samsung Heavy Industries Company, Ltd., 126 F.3d 926, 945 (7th Cir. 1997).**  However, the Seventh Circuit recognizes the court may, in its discretion, deny costs where the losing party is indigent.  **Rivera v. City of Chicago, 469 F.3d 631, 635 (7th Cir. 2006).**  The burden is on the losing party to show that they are incapable of paying costs.  **Id.**

Costs do not include all litigation expenses. Rather, costs are particular statutorily-defined categories of incurred charges worthy of reimbursement. **Crawford Fitting Co. v. J.T. Gibbons, Inc.,** 482 U.S. 437, 445, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987); **Hairline Creations, Inc. v. Kefalas**, 664 F.2d 652, 655 (7th Cir. 1981). **28 U.S.C. § 1920** sets forth the categories of expenses which properly may be taxed, including:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title:

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

**28 U.S.C. § 1920.**

**28 U.S.C. § 1821** spells out the precise amounts recoverable by witnesses ($40 per day for each day's attendance fees plus certain travel expenses). Expenses not on the statutory list must be borne by the party incurring them. **Collins v. Gorman**, 96 F.3d 1057, 1057 (7th Cir. 1998).

Plaintiff's sole remaining argument[1] is that the video taping of Plaintiff's deposition was duplicative of the stenographic record and that Plaintiff should not have to incur this cost. Plaintiff also points out that Defendant did not consult Plaintiff prior to incurring this expense. Plaintiff has

---

[1] Plaintiff also originally argued that his costs should not be taxed because he expected to succeed on appeal, but since that time the Seventh Circuit has issued a ruling in Defendant's favor, making this issue moot.

not cited any case law for the proposition that such "pre-approval" is necessary, and the Court does not believe that such a requirement would create a workable system. And Seventh Circuit precedent specifically allows the taxing of costs for both the video and stenographic recording of depositions necessarily obtained for the case. **Little v. Mitsubishi Motors North America, Inc., 514 F.3d 699, 702 (7th Cir. 2008)**. Additionally, the Court notes that Plaintiff's cognitive abilities, particularly his memory, were at issue in this case, and that the decision to preserve Plaintiff's deposition for possible use at trial was reasonably necessary. The Court therefore denies Plaintiff's request for a reduction.

The Court finds that Plaintiff's Objection is unfounded and **DENIES** the objection. (Doc. 73). The Court **DIRECTS** the Clerk of Court to tax of total of $4,636.65 against Plaintiff and in favor of Defendant.

**IT IS SO ORDERED**.

DATED: November 16, 2015.

/s/    *Stephen C. Williams*
**STEPHEN C. WILLIAMS**
United States Magistrate Judge